IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE GARCIA ESTRADA § | | |
| TDCJ #835624 § | | |
| § | | |
| VS. § | | C.A. NO. C-06-344 |
| § | | |
| BRIAN L. OWSLEY, ET AL. § | | |

## MEMORANDUM AND RECOMMENDATION TO DENY MOTION TO REVIEW FILING FEE ORDER AND FOR A STAY

### Background

Plaintiff, a Texas state prisoner, filed this action on July 28, 2006 (D.E. 1). He sued a federal magistrate judge, a state assistant attorney general, and unknown John and Jane Doe defendants pursuant to 28 U.S.C. §§ 3232 and 1346.[1] Final judgment dismissing all claims as frivolous or for failure to state a claim was entered on September 25, 2006 (D.E. 10, 11). Plaintiff filed his notice of appeal on November 24, 2006 (D.E. 12), but he failed to pay the appellate filing fee of $455 or submit an application for leave to proceed on appeal *in forma pauperis*. On November 28, 2006, a notice directing plaintiff to pay the appellate filing fee or submit a completed application for leave to proceed *in forma pauperis* within thirty days was entered (D.E. 14).

To date plaintiff has not paid the filing fee, nor has he submitted a completed application for leave to proceed *in forma pauperis*. On January 18, 2007, plaintiff filed a pleading titled "Plaintiff's Objection to the Amended Initial Partial Filing Fee and Collection Order for Defectiveness and to Stay Judicial Proceedings until Forbidden Acts are Corrected

---

[1] There is no section 3232 of Title 28.

Per Prohibition" (D.E. 18). Although it is difficult to discern exactly what relief plaintiff requests, he appears to be complaining about, and requesting district court review of, an amended partial filing fee and collection order entered by a magistrate judge, and appears to be requesting a stay of his appeal until the legality of the filing fee order is decided. But because plaintiff has never submitted an application for leave to proceed *in forma pauperis*, no collection order has ever been entered at the district court level, and there is no order for the District Court to review.[2]

## Applicable Law

The District Court is without jurisdiction to stay an appeal or to rule on the legality of a filing fee order, assuming one had been entered in the case. "[T]he filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal,*" *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400 (1982) (emphasis supplied), except to aid the appeal. *Ross v. Marshall*, 726 F.3d 745, 751 (5th Cir. 2005), *cert. denied,* ___ S.Ct. ___ (No. 06-516 Jan. 16, 2007). The motion for review and to stay must be denied for want of jurisdiction.

---

[2]There was an amended collection entered in a companion case filed by plaintiff, *Estrada v. Owsley*, C.A. C-06-398. Plaintiff has filed a similar motion requesting review in that case.

## **Recommendation**

It is respectfully recommended that plaintiff's motion for review of the filing fee order and for a stay (D.E.18) be DENIED for want of jurisdiction.

Respectfully submitted this 31th day of January, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).